IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON A. GOODWIN,<br><br>                    Plaintiff,<br><br>        vs.<br><br>KEITH P. HUGHES, M.D. hired surgeon, Individual capacity; KATHRYN SCHULZ, Individual capacity; DR. JEFFREY KASSELMAN, M.D., Individual capacity; JEFFREY A. DAMME, M.D., Individual capacity; BRENDA HAITH, P.A., Individual capacity; CHERYL FLINN, P.A. C, Individual capacity; G. HUSTAD, M.D., Individual capacity; JUVET CHE, M.D., Individual capacity; RANDY KOHL, M.D., Individual capacity; STRASBURGER, D.R., Individual capacity; and DAVID SAMANI, M.D., Individual capacity;<br><br>                    Defendants. | **4:19CV3114**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's Motion for the Appointment of Counsel (filing 41), Motion for Subpoena Duces Tecum (filing 51), and Motion for Relief and Status (filing 58). Each motion shall be addressed in turn.

## I. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has renewed his request seeking the appointment of counsel. (Filing 41.) "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district

court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The court carefully weighed these factors when it denied Plaintiff's previous motion for the appointment of counsel (filing 26) in its order on initial review of the Amended Complaint (filing 21), in which this matter was allowed to proceed to service of process. (*See* Filing 28 at CM/ECF pp. 16–18.) This case has not progressed much since that time. All Defendants have now been served, but only one of the eleven Defendants has filed a responsive pleading, while the remaining Defendants requested and received extensions of time to respond to the Amended Complaint. Once all Defendants file an answer, the court will enter a progression order and establish deadlines for conducting discovery and progressing this matter to trial. Thus, this matter is still in its early stages, and it is not clear that Plaintiff and the court will benefit from the appointment of counsel at this point. Upon reweighing the relevant factors, and for the reasons stated in the court's previous order (filing 28), the request for the appointment of counsel will be denied without prejudice to reassertion.

## II. MOTION FOR SUBPOENA DUCES TECUM

Plaintiff filed a motion asking for a subpoena duces tecum to obtain from the Nebraska Department of Correctional Services ("NDCS"): "all medical grievance[s] placed by Plaintiff (past 5 years)"; "all medical records including pictures/x-rays"; all C.I.R.'s (Critical Incident Reports) pertaining [to] physical nature & medical iss[ues]"; "all I.R.'s (Incident Reports) pertaining [to] physical nature & medical issues"; and "all complaints in regards: J. Kasselman/J.

Damme/B. Haith." (Filing 51 (spelling corrected).) Plaintiff's motion is premature. As stated in General Order No. 2016-02, a copy of which was provided to Plaintiff when this case was docketed, ordinarily no discovery will take place in a pro se civil case until a progression order is entered, approximately 30 days after the last defendant has answered. (*See* Filing 5, ¶¶ 17, 18.)[1] Additionally, as Plaintiff is suing several NDCS Defendants, he is referred to Rule 34 of the Federal Rules of Civil Procedure regarding serving requests on other parties to produce documents and Rule 45 which governs issuance of subpoenas to nonparties. For these reasons, Plaintiff's request for issuance of a subpoena is premature and will be denied without prejudice.

### III. MOTION FOR RELIEF AND STATUS

In Plaintiff's third motion, he seeks "relief" in the form of a "one time copy" of his Amended Complaint with the attached exhibits because his originals were "discarded/lost." (Filing 58 at CM/ECF p. 1.) Plaintiff's Amended Complaint (filing 21) is 49 pages in length and the attached exhibits (filing 21-1) consist of 101 pages, and Plaintiff was informed by the clerk's office that the cost of obtaining copies was $75.00 total (filing 49). While Plaintiff states he lacks "the appropriate funds," (filing 58 at CM/ECF p. 1), he has paid the entire $350.00 filing fee in this case with his last payment of $42.14 received on May 13, 2021, and he does not owe any other fees in this court. (*See* Docket Sheet.) Upon careful consideration, Plaintiff's request will be denied. "An IFP litigant is not entitled to free copies of documents that he submitted to the Court." *Duwenhoegger v. Miles*, No. 17-CV-1432 (PJS/TNL), 2017 WL 2799155, at *1 (D. Minn. June 28, 2017); *see In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a) . . . does not give the litigant a right to have documents copied and returned to him at government expense."); *Fiveash v. Tom Green Cty.*, 30 F.3d 1493 (5th Cir. 1994) (per curiam) (unpublished table decision) ("There is no provision in the statute

---

[1] General Order No. 2016-02 was superseded by General Order No. 2020-1 on January 27, 2020, after Plaintiff's case was initially filed. General Order No. 2020-1 contains the same provisions regarding discovery in pro se cases as its predecessor.

which gives Fiveash the right to have his pleadings copied and returned to him at Government expense."); *Guinn v. Heckler*, 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not . . . ."); *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).

Lastly, Plaintiff requests a status update on his motion for a "preliminary injunction w[ith] TRO [temporary restraining order]," motion for subpoena, and motion for counsel. (Filing 58 at CM/ECF p. 2.) Plaintiff's motion for status is granted. The court addressed Plaintiff's motion for subpoena (filing 51) and motion for counsel (filing 41) above and denied both without prejudice for the reasons stated. With respect to Plaintiff's motion for a temporary restraining order, the court assumes Plaintiff is referring to his earlier motion (filing 25) which the court addressed in its June 17, 2021 Memorandum and Order (filing 28) upon initial review of the Amended Complaint. The court applied the standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), and concluded that Plaintiff's allegations in this matter did not entitle him to preliminary injunctive relief. (Filing 28 at CM/ECF p. 16.) To the extent Plaintiff is renewing his motion for a preliminary injunction, his allegations do not suggest that he faces irreparable harm, and his motion is denied.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motion for the Appointment of Counsel (filing 41) and Motion for Subpoena Duces Tecum (filing 51) are denied without prejudice to reassertion.

2.     Plaintiff's Motion for Relief and Status (filing 58) is denied in part and granted in part as follows:

    a.     Plaintiff's request for a free copy of his Amended Complaint and attached exhibits is denied;

    b.     Plaintiff's motion for status is granted in accordance with this Memorandum and Order; and

    c.     To the extent Plaintiff seeks preliminary injunctive relief, his request is denied.

3.     Plaintiff is advised that the court will enter a progression order within 30 days after all the Defendants have filed answers to the Amended Complaint. Currently, the latest deadline for any Defendant to file an answer is October 29, 2021.

Dated this 15th day of September, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5