IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRANDON A. GOODWIN,

Plaintiff,

vs.

KEITH P. HUGHES, M.D. hired surgeon, Individual capacity; KATHRYN SCHULZ, Individual capacity; DR. JEFFREY KASSELMAN, M.D., Individual capacity; JEFFREY A. DAMME, M.D., Individual capacity; BRENDA HAITH, P.A., Individual capacity; CHERYL FLINN, P.A. C, Individual capacity; G. HUSTAD, M.D., Individual capacity; JUVET CHE, M.D., Individual capacity; RANDY KOHL, M.D., Individual capacity; STRASBURGER, D.R., Individual capacity; and DAVID SAMANI, M.D., Individual capacity;

Defendants.

**4:19CV3114**

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for Clerk's Entry of Default (filing 79) and Motion for Extension of Time (filing 83).

## I. MOTION FOR CLERK'S ENTRY OF DEFAULT

On November 1, 2021, the court entered a Memorandum and Order giving Plaintiff until December 1, 2021, to file a motion for default judgment against Defendant Juvet Che ("Che") and Defendant Cheryl Flynn ("Flynn") as neither Defendant had filed a responsive pleading within 21 days of being served with

summons. (Filing 72.) Plaintiff filed his Motion for Clerk's Entry of Default on November 8, 2021, seeking the clerk's entry of default against not only Che and Flynn, but also Defendants Keith Hughes ("Dr. Hughes") and Kathryn Schulz ("Schulz"). (Filing 79.)

Plaintiff's motion will be denied with respect to Flynn, Dr. Hughes, and Schulz. On November 2, 2021, Flynn filed a Motion for Extension of Time to File Responsive Pleading (filing 73) which the court granted on November 5, 2021, giving Flynn until November 16, 2021, to file a responsive pleading (filing 76, Docket Text Order). Flynn filed a Motion to Dismiss (filing 80) on November 10, 2021, and, thus, has timely responded to Plaintiff's Amended Complaint. Likewise, Dr. Hughes and Schulz filed a timely Motion to Dismiss (filing 69) on October 28, 2021, and, thus, have not failed to respond to the Amended Complaint within the time permitted.

With respect to Defendant Che, the Federal Rules of Civil Procedure require that a defendant serve an answer to a complaint "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a). Although served, Defendant Che has not filed an answer or any other responsive pleading, nor has he filed a motion for extension of time within which to do so. Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff's motion requests a clerk's entry of default. Accordingly, I shall order the Clerk of Court to enter a default against Defendant Che.[1]

---

[1] The court has recently learned that its November 1, 2021 Memorandum and Order was sent to the address at which summons was originally issued to Che, but not to the address at which Che was actually served by the United States Marshal as directed by the court. (Filing 84; *see also* Filing 72 at CM/ECF p. 3 and Filing 43.) Accordingly, the court will direct the clerk of court to re-send the November 1, 2021 Memorandum and Order, along with the present Memorandum and Order, to Che's residential address contained in the "Remarks" section of the Process Receipt and Return in sealed Filing 43.

Once the Clerk of Court has done so, Plaintiff must properly apply to the court for a default judgment pursuant to the requirements set forth in Federal Rule of Civil Procedure 55(b)(2)[2] and Nebraska Civil Rule 55.1(c).[3] Because Plaintiff is in a correctional institution, he may mail (instead of e-mail) to the judge's

---

[2] Fed. R. Civ. P. 55(b)(2) states:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

[3] Nebraska Civil Rule 55.1(c) provides:

> If a party requests a judgment from the court under Federal Rule of Civil Procedure 55(b)(2), the party must, after obtaining a clerk's entry of default under Federal Rule of Civil Procedure 55(a) and Nebraska Civil Rule 55.1(a):
>
> (1) file a motion for default judgment;
>
> (2) file an affidavit stating that the party against whom the default judgment is requested is (a) not an infant or incompetent person as stated in Federal Rule of Civil Procedure Rule 55(b)(2) or (b) meets the exceptions stated in Federal Rule 55(b)(2);
>
> (3) e-mail to the judge's chambers a proposed judgment; and
>
> (4) in cases in which damages must be proved, request an evidentiary hearing before the trial judge.

chambers a proposed judgment to meet the requirements of Nebraska Civil Rule 55.1(c)(3).

## II. MOTION FOR EXTENSION OF TIME

Finally, Plaintiff filed correspondence with the court on November 12, 2021, which the court construes as a Motion for Extension of Time. (Filing 83.) Plaintiff confirms that his "Response" (filing 75) filed on November 3, 2021, only responded to Defendants Brenda Haith's and Randy Kohl's Motion to Dismiss (filing 66), as the court determined in its Memorandum and Order (filing 77) dated November 5, 2021. Plaintiff further states that he has "not seen or he[a]rd of" the Motion to Dismiss and/or Motion for Judgment on the Pleadings (filing 69) filed by Defendants Dr. Hughes and Schulz and, therefore, does not know how he can file a response. (Filing 83 at CM/ECF p. 1.) Plaintiff asks for an extension of time of 30 days "for what deadline(s) [he has]." (*Id*. at CM/ECF p. 2.)

Presently, Plaintiff has the following deadlines: (1) November 18, 2021, deadline to file brief in opposition to Dr. Hughes' and Schulz's Motion to Dismiss and/or Motion for Judgment on the Pleadings (filing 69), and (2) December 1, 2021, deadline to file brief in opposition to Flynn's Motion to Dismiss (filing 80). Upon consideration, the court will grant Plaintiff's motion and extend his deadlines by 30 days. Thus, Plaintiff will have until December 20, 2021, to file his brief in opposition to Dr. Hughes' and Schulz's motion, and he will have until January 3, 2022, to file his brief in opposition to Flynn's motion.

The court recognizes that Plaintiff indicates in his motion that he has not received the Motion to Dismiss and/or Motion for Judgment on the Pleadings (filing 69) filed by Dr. Hughes and Schulz. (Filing 83 at CM/ECF p. 1.) However, Dr. Hughes and Schulz filed a Certificate of Service with their Motion, Index of Evidence, and Brief in Support certifying that the motion and accompanying materials were mailed to Plaintiff by regular U.S. Mail, postage prepaid, on October 28, 2021. (Filing 69 at CM/ECF p. 3; Filing 70 at CM/ECF p. 2; Filing 71

at CM/ECF p. 27.) If Plaintiff is still without access to these materials, he is encouraged to advise counsel for Dr. Hughes and Schulz and/or the court.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Clerk's Entry of Default (filing 79) is denied in part and granted in part, as follows:

   a. Plaintiff's motion is denied with respect to Defendants Cheryl Flynn, Keith Hughes, and Kathryn Schulz.

   b. Plaintiff's motion is granted with respect to Defendant Juvet Che.

2. Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court shall enter a default against Defendant Juvet Che for failure to plead or otherwise defend within 21 days after being served with the summons and the Amended Complaint, as required by Fed. R. Civ. P. 12(a).

3. The Clerk of Court shall send a copy of the court's November 1, 2021 Memorandum and Order and this Memorandum and Order to Defendant Juvet Che at the address contained in the "Remarks" section of the Process Receipt and Return in sealed Filing 43. Defendant Che should note that should he desire to file a Motion to Set Aside a Default under Fed. R. Civ. P. 55(c) after the Clerk of Court enters a default against him, he must show good cause for his failure to answer Plaintiff's Amended Complaint. If Defendant Che fails to do so, he is subject to a default judgment against him for damages.

4. Plaintiff shall have until December 15, 2021, to file a motion for default judgment against Defendant Che. Such motion shall fully comply with Federal Rule of Civil Procedure 55 and Nebraska Civil Rule 55.1.

5. Plaintiff's correspondence, construed as a Motion for Extension of Time (filing 83), is granted. Plaintiff shall have until December 20, 2021, to file his brief in opposition to Dr. Hughes' and Schulz's Motion to Dismiss and/or Motion for Judgment on the Pleadings (filing 69), and he shall have until January 3, 2022, to file his brief in opposition to Flynn's Motion to Dismiss (filing 80).

6. The Clerk of Court is directed to set the following pro se case management deadlines in this case:

a. **December 15, 2021**: deadline for filing motion for default judgment against Defendant Che.

b. **December 20, 2021**: deadline to file brief in opposition to Dr. Hughes' and Schulz's Motion to Dismiss and/or Motion for Judgment on the Pleadings (filing 69).

c. **January 3, 2022**: deadline to file brief in opposition to Flynn's Motion to Dismiss (filing 80).

Dated this 15th day of November, 2021.

BY THE COURT:

Richard G. Kopf

Richard G. Kopf
Senior United States District Judge