IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON A. GOODWIN, | |
| Plaintiff, | **4:19CV3114** |
| vs. | |
| KEITH P. HUGHES, M.D. hired surgeon, Individual capacity; KATHRYN SCHULZ, Individual capacity; DR. JEFFREY KASSELMAN, M.D., Individual capacity; JEFFREY A. DAMME, M.D., Individual capacity; BRENDA HAITH, P.A., Individual capacity; CHERYL FLINN, P.A. C, Individual capacity; G. HUSTAD, M.D., Individual capacity; RANDY KOHL, M.D., Individual capacity; STRASBURGER, D.R., Individual capacity; and DAVID SAMANI, M.D., Individual capacity; | **MEMORANDUM AND ORDER** |
| Defendants. | |

On November 15, 2021, the court directed the Clerk of Court to enter a default against Defendant Juvet Che, M.D., ("Dr. Che") for failure to plead or otherwise defend within 21 days after being served with the summons and complaint, as required by Fed. R. Civ. P. 12(a). (Filing 85.) While the caption of the Docket Sheet lists Dr. Che as a "Defaulted Defendant," it does not appear that a Clerk's Entry of Default was entered on the docket and mailed to Dr. Che. (*See* Docket Sheet.)

On November 29, 2021, Dr. Che filed a Motion for Extension of Time to File Responsive Pleading. (Filing 92.) Because the court directed the Clerk of

Court to enter a default against Dr. Che, though no default has been entered on the record, the court will construe Dr. Che's motion as one to set aside the default as well.

A court may set aside the entry of default under Federal Rule of Civil Procedure 55(c) for "good cause." To determine whether good cause exists, this court considers the: (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default. *Johnson v. Leonard*, 929 F.3d 569, 573 (8th Cir. 2019). Setting aside default is often appropriate "for marginal failures when there [are] meritorious defenses and an absence of prejudice." *Id.* at 573–74 (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). "Good cause" is a less stringent standard than "excusable neglect." *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 687 (8th Cir. 1995).

Counsel for Dr. Che explains that "[d]ue to the lengthy procedural and administrative steps required to obtain written verification that Dr. Che requested the Nebraska Attorney General's Office to provide legal counsel, pursuant to Neb. Rev. Stat. 81-8,239.06, undersigned counsel only recently received Dr. Che's written request for counsel." (Filing 92 at CM/ECF p. 2.) Dr. Che's motion for extension/set aside the default was filed promptly, and Dr. Che simultaneously filed an Answer to Plaintiff's Amended Complaint. (Filing 93.) Though it seems Dr. Che could have acted more diligently after receiving the summons, the court finds Plaintiff will not be prejudiced by the slight delay. Although this case was filed in December 2019, it has not gotten past the pleading stage and no progression order has been entered. Thus, upon consideration of all relevant factors, the court finds good cause for setting aside the default that was entered against Dr. Che.

IT IS THEREFORE ORDERED that:

1.      Defendant Dr. Juvet Che's Motion for Extension of Time to File Responsive Pleading (filing 92), also construed as a motion to set aside default, is granted.

2.      The Clerk of Court is directed to set aside any default entered against Defendant Dr. Juvet Che and correct the caption to reflect that Dr. Che is not a "Defaulted Defendant."

3.      Defendant Dr. Juvet Che's Answer to Amended Complaint (filing 93) filed on November 29, 2021, is deemed timely.

Dated this 9th day of December, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge