IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON A. GOODWIN,<br><br>    Plaintiff,<br><br> vs.<br><br>KEITH P. HUGHES, M.D. hired surgeon, Individual capacity; KATHRYN SCHULZ, Individual capacity; DR. JEFFREY KASSELMAN, M.D., Individual capacity; JEFFREY A. DAMME, M.D., Individual capacity; BRENDA HAITH, P.A., Individual capacity; CHERYL FLINN, P.A. C, Individual capacity; G. HUSTAD, M.D., Individual capacity; JUVET CHE, M.D., Individual capacity; RANDY KOHL, M.D., Individual capacity; STRASBURGER, D.R., Individual capacity; and DAVID SAMANI, M.D., Individual capacity;<br><br>    Defendants. | 4:19CV3114<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on various motions filed by Plaintiff, each of which will be addressed below. For clarity, the court has organized the motions into categories.

### I. MOTION TO ALLOW BRIEFS (Filing 100)

  On December 20, 2021, Plaintiff filed a motion asking the court to allow his brief opposing the motion to dismiss by Defendants Keith Hughes ("Hughes") and Kathryn Schulz ("Schulz"). (Filing 100.) At the time he filed his motion, Plaintiff

simultaneously filed his briefs in opposition (filings 101 & 103) to Hughes' and Schulz's Motion to Dismiss and/or Motion for Judgment on the Pleadings (filing 69) and Defendant Dr. David Samani's ("Samani") Motion for Summary Judgment (filing 89), along with supporting evidence (filings 102 & 104).

Plaintiff's brief in opposition (filing 103) to Hughes' and Schulz's motion was due on December 20, 2021, and Plaintiff timely filed his brief on that date. (*See* Filing 85.) The court liberally construes Plaintiff's motion as asking the court to allow him to file his brief in opposition to Samani's summary judgment motion out of time. Samani filed his Motion for Summary Judgment (filing 89) on November 24, 2021, and Plaintiff's brief was due December 15, 2021. (*See* Filing 95.) Upon consideration, the court grants Plaintiff's motion, and his briefs in opposition to Hughes', Schulz's, and Samani's motions (filings 101 & 103) filed on December 20, 2021, are deemed timely. Hughes, Schulz, and Samani have all filed reply briefs in support of their respective motions (filings 105 & 107), and the motions are ripe for decision. The court will issue a ruling on the motions in due course.

## II. MOTION FOR RETURN OF EXHIBITS (Filings 100, 122, & 125)

In Filings 100, 122, and 125, Plaintiff asks for a copy of his "T.R.O. on Damme [and] Kasselman" and return of his exhibits submitted in response to the motions filed by Hughes, Schulz, and Samani, as well as return of his future submissions of evidence. Plaintiff indicates he cannot afford to make copies of his evidence in order to respond to discovery requests and asks how he can "produce [his] evidence but receive it back." (Filing 125 at CM/ECF p. 2.) For the reasons that follow, Plaintiff's request for copies and/or return of his past and future submissions will be denied.

This court's local rules provide, in relevant part:

**(e) Official Record**. The clerk does not maintain a paper court file in any case unless required by law or local rule. When a document is filed electronically, the official record is the electronic recording of the document as stored by the court, and the filing party is bound by the document as filed.

> **(1) Documents Filed Nonelectronically**. The official record also includes documents filed nonelectronically under local rule.
>
> **(2) Original Documents Scanned and Discarded**. The clerk scans and discards original documents brought to the clerk for filing unless the document's size or nature requires that it be kept in a paper format. An attorney who wishes to have an original document returned after the clerk scans and uploads it to the System may, before submitting the document to the clerk, ask the assigned judge for written authorization for the document's return. Authorization is granted on a case-by-case basis. The court does not allow blanket authorizations for the return of all original documents filed by an attorney or office.
>
> **(3) Copies of Filings**. A party who requests a copy of a paper document submitted for filing must, at the time of filing, supply the clerk's office with the copy and, if the return is to be made by mail, a self-addressed, stamped envelope.

NECivR 5.1(e).

Here, Plaintiff did not ask the undersigned judge for the return of his original documents prior to submitting them to the clerk's office for filing. In addition, Plaintiff did not provide a self-addressed, stamped envelope for the return of his original documents. In addition, Plaintiff did not submit payment for the cost of making copies, and he does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915(a)(1) (providing that a court may authorize the commencement of a suit "without prepayment of *fees or security therefor*") (emphasis added). "An IFP litigant is not entitled to free copies of documents that

3

he submitted to the Court." *Duwenhoegger v. Miles*, No. 17-CV-1432 (PJS/TNL), 2017 WL 2799155, at *1 (D. Minn. June 28, 2017); *see In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a) . . . does not give the litigant a right to have documents copied and returned to him at government expense."); *Fiveash v. Tom Green Cty.*, 30 F.3d 1493 (5th Cir. 1994) (per curiam) (unpublished table decision) ("There is no provision in the statute which gives Fiveash the right to have his pleadings copied and returned to him at Government expense."); *Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not . . . ."); *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).

If Plaintiff requires copies of court documents, he should contact this court's clerk's office to determine the proper method for requesting and paying for copies. *See* NEGenR 1.3(a)(1)(A)(iii) ("Paper and certified copies of electronically filed documents may be purchased from the clerk for a fee collected under 28 U.S.C. § 1914."). If there are documents Plaintiff has submitted to the court that he wishes to produce to Defendants in response to discovery requests, it seems reasonable for Plaintiff to simply refer Defendants to the relevant court filings. *See* Fed. R. Civ. P. 34(a)(2)(D) ("[I]f no form was specified in the request [for producing electronically stored information,] the party must state the form or forms it intends to use.") Such issues should be worked out between Plaintiff and Defendants. *See* NECivR 7.1(j) (requiring "personal consultation with opposing parties and sincere attempts to resolve differences" before filing discovery motions). If Plaintiff wishes to have his future submissions to the court returned to him, then he should follow the procedures outlined in the court's local rules discussed above. The court will not allow a blanket authorization for return of all of Plaintiff's original filings.

### III. MOTION FOR COUNSEL (Filings 100 & 106)

In Filings 100 and 106, Plaintiff asks the court to reconsider appointing him counsel to research, communicate with Defendants' counsel, and provide "appropriate knowledge in filing and proceeding forward" as Plaintiff does not have "access to discovery privalages [sic], or have proper knowlege [sic] to move into this next phase of the process of the courts." (Filings 100 & 106.)

As Plaintiff acknowledges, "[t]here is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The court carefully weighed these factors when it denied Plaintiff's previous motions for the appointment of counsel (*See* Filing 28 at CM/ECF pp. 16–18; Filing 60.) Though several Defendants have now filed motions to dismiss or motions for summary judgment, this matter is still in its early stages, and the record before the court still suggests that Plaintiff has the ability to present his claims. Plaintiff has filed briefs in opposition to the motions to dismiss filed by Defendants Haith, Kohl, Hughes, and Schulz and the motion for summary judgment filed by Samani, and he also filed supporting evidentiary material. (*See* Filings 75, 101, 102, 103, & 104.) Plaintiff has also filed motions seeking extension of discovery deadlines (filings 117 & 122) and discovery materials with the court (filings 120, 123, & 124) indicating an ability to conduct and respond to

discovery. Thus, it is not clear that Plaintiff and the court will benefit from the appointment of counsel at this point. Upon reweighing the relevant factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

## IV. MOTIONS TO DISMISS DEFENDANTS (Filings 106 & 121)

In Filing 106, Plaintiff states he "wish[es] to file a motion to dismiss complaints against Cheryl Flynn." On November 10, 2021, Defendant Cheryl Flynn ("Flynn") filed a motion to dismiss herself as a party for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Filing 80; *see also* Filing 81.) Plaintiff was given until January 3, 2022, to file his brief in opposition to Flynn's motion. (Filing 85.) Plaintiff filed his motion to dismiss Flynn on December 27, 2021. (Filing 106.) Flynn has not objected or otherwise responded to Plaintiff's motion.

In Filing 121, Plaintiff moves to dismiss his claims against Defendants Gary Hustad, M.D. ("Hustad") and Dr. Scott Strasburger ("Strasburger") "for there is involvement in the claim but to not the degree of a strong deliberate medical indifference." (Filing 121 (spelling corrected).) Both Hustad and Strasburger filed answers to Plaintiff's Amended Complaint prior to Plaintiff filing his motion. (Filings 65 & 68). Neither Hustad nor Strasburger have objected or otherwise responded to Plaintiff's motion.

Under federal pleading practice, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As there is "uncertainty surrounding the question of whether a plaintiff has the ability to dismiss a defendant by filing a notice under Rule 41(a)(1)(A)(i)," *Thomas v. Lincoln Reg'l Ctr. Staff Members*, No. 8:21CV368, 2021 WL 5759750,

6

at *3 (D. Neb. Dec. 3, 2021) (discussing cases), and because Plaintiff moves to dismiss Flynn, Hustad, and Strasburger from the case, the court will treat Filings 106 and 121 as motions filed pursuant to Rule 41(a)(2), and will dismiss all claims against Defendants Flynn, Hustad, and Strasburger without prejudice.

### V. DISCOVERY MOTIONS (Filings 117, 120, 122, & 125)

In Filings 117 & 122, filed on January 7 and January 13, 2022, respectively, Plaintiff asks the court to extend the January 10, 2022 deadline for serving interrogatories, requests for admission, and requests for production by 45 days. Upon consideration, Plaintiff's motion is granted, and such deadline is extended to February 24, 2022.

In Filing 120, Plaintiff objects to certain interrogatories posed by Defendant Jeffrey Kasselman, M.D. ("Kasselman"). The objection has been docketed as a motion. Discovery requests and responses must be served directly upon the opposing party. *See* Fed. R. Civ. P. 33-36. Our local rules further specify that discovery materials "must not be filed until needed for trial, resolution of a motion, or on the court's order." NECivR 5.4(a). In short, Plaintiff's Filing 120 is an improper filing, and the court will strike it from the court file.

In Filing 125, Plaintiff asks for a status update regarding the interrogatories he sent for Defendants Jeffrey Damme, M.D. ("Damme"), and Kasselman. On January 20, 2022, the court received Plaintiff's "First Set of Interrogatories to Defendant Jeffrey Damme" (filing 123) and "First Set of Interrogatories to Defendant Jeffrey Kasselman" (filing 124). Neither document contains a certificate of service indicating the documents were served on Damme and Kasselman, which is the only document that should be filed with the court. *See* NECivR 33.1(e) ("The demanding party, when serving interrogatories, must file a certificate of service.") As discussed above, Plaintiff must not file discovery materials with the court "until needed for trial, resolution of a motion, or on the court's order." NECivR 5.4(a).

The court will strike Filings 123 and 124 from the court file as they are improper filings.

### VI. MOTION FOR STATUS (Filings 106, 122, & 125)

In Filing 106, Plaintiff asks if it is "still necessary to continue the default judgment" against Defendant Juvet Che, M.D. ("Che"). The court liberally construes this request as a motion for status regarding the clerk's entry of default against Che. The court set aside the clerk's entry of default against Che on December 9, 2021. (Filing 97.) Che filed an answer on November 29, 2021. (Filing 93.) Thus, there is no basis upon which Plaintiff may seek entry of a default judgment against Che.

In Filings 122 and 125, Plaintiff asks for a status update on his request for counsel and the interrogatories sent for Damme and Kasselman. The court has now ruled on his motion for counsel and the interrogatories intended for Damme and Kasselman have been stricken from the court record as explained above.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's motion to allow briefs (filing 100) is granted, and his briefs (filings 101 & 103) filed on December 20, 2021, are deemed timely.

2.      Plaintiff's request for copies and return of past and future submissions (filings 100, 122, & 125) is denied.

3.      Plaintiff's motion for counsel (filings 100 & 106) is denied without prejudice to reassertion.

4.      Plaintiff's motion to dismiss Defendant Cheryl Flynn (filing 106) is granted. Plaintiff's claims against Defendant Flynn are dismissed without

prejudice. The clerk's office is directed to terminate Defendant "Cheryl Flinn, P.A. C" as a party to this action.

5. Defendant Flynn's Motion to Dismiss (filing 80) is denied as moot.

6. Plaintiff's motion to dismiss Defendants Gary Hustad, M.D. and Dr. Scott Strasburger (filing 121) is granted. Plaintiff's claims against Defendants Hustad and Strasburger are dismissed without prejudice. The clerk's office is directed to terminate Defendants "G. Hustad, M.D." and "Strasburger, D.R." as parties to this action.

7. Plaintiff's motion to extend (filings 117 & 122) is granted. The deadline for serving interrogatories, requests for admission, and requests for production is extended to February 24, 2022. All other deadlines in the court's progression order (filing 98) remain the same.

8. Plaintiff's Objection and Answers to Defendant Kasselman's Interrogatories (filing 120) is stricken from the court record because it is an improper filing. The clerk's office is directed to terminate the motion event associated with Filing 120.

9. Plaintiff's motion for status update regarding the interrogatories he sent for Defendants Jeffrey Damme, M.D. and Kasselman (filing 125) is granted in accordance with this memorandum and order. Plaintiff's "First Set of Interrogatories to Defendant Jeffrey Damme" (filing 123) and "First Set of Interrogatories to Defendant Jeffrey Kasselman" (filing 124) are stricken from the court file because they are improper filings.

10. Plaintiff's motions for status update (filings 106 & 122) are granted in accordance with this Memorandum and Order.

Dated this 4th day of February, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

10