IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON A. GOODWIN, Plaintiff, vs. KEITH P. HUGHES, M.D. hired surgeon, Individual capacity; KATHRYN SCHULZ, Individual capacity; DR. JEFFREY KASSELMAN, M.D., Individual capacity; JEFFREY A. DAMME, M.D., Individual capacity; BRENDA HAITH, P.A., Individual capacity; JUVET CHE, M.D., Individual capacity; RANDY KOHL, M.D., Individual capacity; and DAVID SAMANI, M.D., Individual capacity; Defendants. | 4:19CV3114 MEMORANDUM AND ORDER |

This matter is before the court on the Motion to Dismiss filed by Defendants Brenda Haith, P.A. ("P.A. Haith"), and Randy Kohl, M.D. ("Dr. Kohl") (collectively "Defendants"). (Filing 66.) For the reasons explained below, the Motion to Dismiss will be granted.

## I. BACKGROUND

Plaintiff Brandon A. Goodwin, an inmate currently incarcerated at the Tecumseh State Correctional Institution ("TSCI"), filed his original Complaint (filing 1) pursuant to 42 U.S.C. § 1983 on December 12, 2019. The court conducted an initial review of Plaintiff's Complaint on June 12, 2020, in accordance with 28 U.S.C. §§ 1915(e) and 1915A and determined the Complaint failed to state a claim upon which relief may be granted. (Filing 16.) The court

gave Plaintiff leave to file an Amended Complaint, which Plaintiff timely filed on August 5, 2020. (Filing 21.) Upon review of Plaintiff's Amended Complaint, the court permitted the matter to proceed to service of process against P. A. Haith, Dr. Kohl, Dr. Jeffrey Kassleman, Dr. Jeffrey Damme, Cheryl Flinn P.A.-C, Dr. Hustad, Dr. Juvet Che, Dr. Strasburger, and Dr. David Samani in their individual capacities on Plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs. (Filing 28.)

On September 28, 2021, Defendants filed the instant Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (filing 66) and a brief in support of the motion (filing 67). Defendants contend that Plaintiff's Amended Complaint fails to state a claim against them upon which relief can be granted for deliberate indifference to Plaintiff's serious medical needs. On November 3, 2021, Plaintiff filed his brief in response to Defendants' Motion to Dismiss. (Filing 75.) The court liberally construed Plaintiff's brief as a motion to submit the brief out of time and granted the motion. (Filing 77.) The court gave Defendants additional time to submit a reply brief, and Defendants timely filed a reply brief on November 8, 2021. (Filing 78.)

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Id*. at 679. That is, they must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019).

A plaintiff satisfies the plausibility requirement when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard requires the plaintiff to allege "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Determining whether a claim is plausible is a 'context specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

In assessing a motion to dismiss, the court must take all the factual allegations in the complaint as true but is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See id*. at 556. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id*.

A complaint's factual allegations do not need to be "detailed," but they must be "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555. The plaintiff is obligated to provide within his complaint sufficient facts to establish "the grounds of his entitlement to relief." *Id*. (cleaned up). The reviewing court should not assume the truth of allegations that are merely conclusory in nature, *Iqbal*, 556 U.S. at 681, and should reject "catch-all assertions of law and unwarranted inferences," *Rand Heart of N.Y., Inc. v. Dolan*, 812 F.3d 1172, 1176 (8th Cir. 2016) (quoting *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002)); *see In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

3

### III. DISCUSSION

Defendants assert that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted against either of them for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. To prevail on an Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

### A. P. A. Haith

In his Amended Complaint, Plaintiff alleges he informed P. A. Haith upon intake at TSCI on November 15, 2017 that he was supposed to "have been prescribed medications, scheduled P/T (physical therapy) and rescheduled for a follow up." (Filing 21 at CM/ECF p. 32.) Plaintiff also alleges that on April 2, 2018, P.A. Haith "ridiculed Plaintiff in regards to Plaintiff's complaint of urinary issues" and denied that Plaintiff had any history of urinary problems, which were documented in medical charts and for which he had been prescribed medication. (*Id*. at CM/ECF p. 32.) Plaintiff further alleges that while he was held in segregation his medical appointments were routinely cancelled because of staffing shortages and that P.A. Haith, having knowledge of this, "documented and accepted forced refusal forms from corporal officers." (*Id*.) Plaintiff also generally alleges P. A. Haith "den[ied] requests that was requested from Plaintiff." (*Id*. at CM/ECF p. 10.)

The court gave Plaintiff the benefit of the doubt on initial review and concluded that his allegations, when liberally construed, could constitute deliberate

indifference to Plaintiff's serious medical needs. However, upon further consideration, the court agrees with P. A. Haith that the allegations of the Amended Complaint are insufficient to state a plausible claim for relief against her. *See* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . ."). Plaintiff's allegations against P. A. Haith span a time frame from November 15, 2017 to April 2018, and Plaintiff alleges no facts to show that any of P. A. Haith's actions during that time frame contributed to his alleged injuries. (*Id.* at CM/ECF p. 32; Filing 21-1 at CM/ECF pp. 40, 52, 53.) For instance, Plaintiff alleges no facts regarding what P. A. Haith did or did not do in response to the information Plaintiff provided at intake about prescribed medications, physical therapy, and a follow up appointment he should be provided.

Plaintiff also does not allege specific facts about what P. A. Haith said to him on April 2, 2018 regarding his urinary problems.[1] The medical records Plaintiff included with his Amended Complaint show that P. A. Haith charted on April 2, 2018 that "Inmate has asked daily for his app[ointment] for checking residual urine. Inmate refused scheduled app[ointment] for check. Will not reschedule. Refusal in chart." (Filing 21-1 at CM/ECF p. 53.) On April 16, 2018, P. A. Haith made another chart entry stating, "Inmate here to discuss his urinary problems. This has been ongoing problem for years but no clarification of his actual medical problem. Will confer with HCP [Health Care Provider]." (*Id.*) Immediately below that entry and also on April 16, 2018, P. A. Haith charted, "No new orders." (*Id.*) As opposed to suggesting deliberate indifference, Plaintiff's Amended Complaint and its attachments suggest that P. A. Haith did not ignore

---

[1] Generally, verbal abuse and ridicule by a prison official are not usually actionable under section 1983. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)); *see also Franks v. Fridley*, No. 13-0561-WS-N, 2014 WL 3540574, at *5 (S.D. Al. July 17, 2014) ("Inappropriate, derogatory, demeaning, profane, threatening or abusive comments made by a correctional official to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation.") (collecting cases).

Plaintiff's complaints but followed up with a health care provider.[2] In any case, Plaintiff has alleged no facts to show how P. A. Haith's actions regarding his urinary problems contributed in any way to his alleged injuries for which he seeks relief in this case.

In his brief in opposition, Plaintiff offers additional allegations of deliberate indifference against P. A. Haith. He alleges P. A. Haith refused his requests to see doctors, requested unnecessary X-rays to verify Plaintiff's complaints instead of sending him to see a doctor, ignored doctors' orders, and ridiculed plaintiff, "leaving [Plaintiff] in pain for years passing the opportunity for surgery due to healing and timing." (Filing 75 at CM/ECF p. 3.) Plaintiff cannot overcome a motion to dismiss by asserting and relying on new facts that are not contained in the Amended Complaint. *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (holding that while the plaintiff had raised additional facts in his filings opposing the defendants' motion to dismiss, those additional facts could not be considered on a motion to dismiss as they were not contained in the amended complaint). Regardless, the allegations asserted by Plaintiff are insufficient to raise a claim of deliberate indifference against P. A. Haith beyond the speculative level. Moreover, Plaintiff's allegations do not suggest that P. A. Haith deliberately disregarded his medical needs but actually too actions to respond to his medical needs. That the actions P. A. Haith took were not the actions Plaintiff desired does not constitute deliberate indifference. *See Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (a prisoner's mere disagreement with

---

[2] "The attachments to [Plaintiff's] complaint may be considered for all purposes, including determining whether the complaint states a claim for relief." *Moore v. Bertsch*, No. 1:09-CV-027, 2009 WL 2150966, at *6 n.7 (D.N.D. July 13, 2009) (citing Fed.R.Civ.P. 10(c); *Hughes v. Banks*, 290 Fed.Appx. 960, 2008 WL 4065874 (8th Cir.2008); *Thompson v. Illinois Department of Professional Regulation*, 300 F.3d at 754 (court may consider documents attached to a complaint that indicate the plaintiff has no claim); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir.2002); *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir.1992) (considering documents attached to the complaint in determining that prisoner had no constitutional claim)).

the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment).

Upon closer and careful consideration, the court concludes that the allegations of the Amended Complaint fail to state a plausible claim for relief against P. A. Haith in her individual capacity. Plaintiff's claims against P. A. Haith will, therefore, be dismissed with prejudice.

**B. Dr. Kohl**

Plaintiff alleges that Dr. Kohl "is solely M.D. of N.D.C.S Medical Personal [sic]" and "Plaintiff is attempting to reach Kohl to finally receive outside treatment that is being ignore[d] and shut down by medical personal [sic] at TSCI." (Filing 21 at CM/ECF p. 29 (spelling corrected).) Plaintiff further alleges that Dr. Kohl "is fully aware of Plaintiff's medical situation," "signed off on documents . . . multiple times," and "has access to Plaintiff's file." (*Id*. at CM/ECF pp. 29–30 (punctuation corrected).) Plaintiff also alleges that Dr. Kohl has denied his requests "to see outside consult for follow up to remove hardware." (*Id*. at CM/ECF p. 11.) In his brief in opposition, Plaintiff argues that there are sufficient allegations in the Amended Complaint "about the other Defendants['] actions, that his (Kohl[']s) job is to "director" there [sic] actions, and be aware of the actions" to state a claim of deliberate indifference. (Filing 75 at CM/ECF pp. 3–4.)

While the court concluded that Plaintiff alleged sufficient facts to state an Eighth Amendment claim against Dr. Kohl for purposes of initial review, the court now finds upon closer consideration that the Amended Complaint contains insufficient facts to state a plausible claim for relief against Dr. Kohl. The court cannot escape the conclusion that Plaintiff's allegations seek to impose liability on Dr. Kohl based only on his position as the NDCS Medical Director. As the court noted on initial review, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006). To state a § 1983 claim, the plaintiff must allege that the defendant was personally

7

involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

Here, Plaintiff generally alleges that Dr. Kohl has denied his requests "to see outside consult for follow up to remove hardware" but alleges in the same sentence that Defendants Dr. Damme and Dr. Kasselman are also denying his requests. (Filing 21 at CM/ECF p. 11.) Plaintiff alleges no facts about Dr. Kohl's specific role in the denial of his requests, whether the denial was in response to a direct request from Plaintiff or in response to a recommendation of Dr. Damme, Dr. Kasselman, or another NDCS medical professional, or even when such denials occurred. Additionally, Plaintiff's allegations that Dr. Kohl was aware of his situation is a vague, conclusory statement. The only facts alleged in the Amended Complaint regarding Dr. Kohl's knowledge of Plaintiff's medical issues and response thereto consist of medical records showing Dr. Kohl approved "ortho hardware removal" on April 28, 2015, and approved an ankle CT scan on September 22, 2016, both at the request of another NDCS medical provider. (Filing 21-1 at CM/ECF pp. 7, 33.) The court finds that these facts are insufficient to suggest Dr. Kohl was deliberately indifferent to Plaintiff's serious medical needs, and Plaintiff's Amended Complaint fails to state a plausible claim for relief against Dr. Kohl.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (filing 66) is granted. Plaintiff's claims against Defendants P. A. Haith and Dr. Kohl are dismissed with prejudice.

2. The clerk of the court is directed to terminate Defendants Brenda Haith, P. A., and Randy Kohl, M.D., as parties to this action.

Dated this 19th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge