IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON A. GOODWIN,<br><br>               Plaintiff,<br><br>  vs.<br><br>KEITH P. HUGHES, M.D. hired surgeon, Individual capacity; KATHRYN SCHULZ, Individual capacity; DR. JEFFREY KASSELMAN, M.D., Individual capacity; JEFFREY A. DAMME, M.D., Individual capacity; BRENDA HAITH, P.A., Individual capacity; JUVET CHE, M.D., Individual capacity; RANDY KOHL, M.D., Individual capacity; and DAVID SAMANI, M.D., Individual capacity;<br><br>               Defendants. | 4:19CV3114<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on various motions filed by the parties, each of which will be addressed below.

**<u>Filing 133</u>**

      On February 24, 2022, Plaintiff filed a motion asking for blanket permission to send discovery documents to the court and have the court send them back to Plaintiff instead of Plaintiff producing multiple sets of documents for each defendant. (Filing 133.) For the reasons stated in the court's February 4, 2022 Memorandum and Order (filing 127 at CM/ECF pp. 2–5), Plaintiff's request is denied. Filings 135, 136, 139, 142, and 146 indicate Plaintiff has been able to communicate with the clerk's office and procure the court records he requires.

Plaintiff also requests a 90-day extension "of all/everything or a stoppage of court process" due to his placement in a prison gallery restricting his property access because it may take him some time to inform prison administrators of his need for his property related to his ongoing case. (Filing 133.) At the time Plaintiff requested this extension, the only remaining pertinent deadlines were the March 17, 2022 depositions deadline, March 31, 2022 deadline to file motions to compel and the April 18, 2022 dispositive motion deadline. Plaintiff does not indicate that he intends to complete any depositions or file any motions to compel, and Defendants have filed dispositive motions (*see* filings 147 & 150). Also, Plaintiff has continued to file documents with the court since his housing change. (*See* Filings 135–140, 142, & 146.) Accordingly, Plaintiff's request for an extension or stoppage will be denied.

## Filing 137

On March 14, 2022, Plaintiff filed a motion requesting a copy of his deposition taken by Defendants on March 9, 2022. The deposition is not part of the court's records, and the court cannot provide Plaintiff with a copy. To the extent Plaintiff seeks financial assistance from the court to secure a copy of his deposition, "[t]he statutory right to proceed in forma pauperis does not include the right to receive funds from the court to pay discovery or other costs relating to a pro se litigant's case." *Brown v. Strong*, No. 8:14CV298, 2016 WL 2350114, at *2 (D. Neb. May 4, 2016); *see Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075–76 (8th Cir. 1980) (rejecting in forma pauperis plaintiff's claim that district court erred in not requiring government to pay for deposition expenses or copies of records). Accordingly, Plaintiff's motion for a copy of his deposition is denied. See *Williams v. City of Omaha Plan. Dep't*, No. 8:10CV92, 2010 WL 3636332, at *1 (D. Neb. Sept. 9, 2010) (denying pro se plaintiff's request for funds to pay for a copy of her deposition); *Gregory v. Danbury Police Dep't*, No. 3:07 CV 1072 (MRK), 2008 WL 2024955, at *1 (D. Conn. May 8, 2008) ("In any event and more to the point, that Mr. Gregory may be indigent does not require Defendants or this Court to advance the costs associated with deposition transcripts or witness fees.").

**Filing 138**

Plaintiff moves to strike one page of Filing 62 that was inadvertently filed. (Filing 138.) The court will deny Plaintiff's motion as moot as the court ruled on the motion in Filing 62 on September 15, 2021, and did not consider the mistakenly included page in its decision. (*See* Filing 64.)

**Filing 140**

On March 18, 2022, Plaintiff filed what the court docketed as a motion to issue subpoenas. (Filing 140). Plaintiff seeks "subpoenas" of Defendants' medical license information, fourteen categories of information from the Nebraska Department of Correctional Services, and two subpoenas to non-parties. On March 22, 2022, Defendants Keith P. Hughes and Kathryn Schulz filed an objection to Plaintiff's proposed subpoenas. (Filing 141.) Hughes and Schulz object to the portion of Filing 140 which seeks to obtain all communications between the NDCS and Hughes and Schulz because the proposed subpoena is overbroad, is not limited in time and scope, and to the extent it seeks information, records, or communications related to patients or inmates other than Plaintiff, such information is confidential and not reasonably calculated to lead to the discovery of admissible evidence.

With respect to Plaintiff's subpoenas directed towards obtaining information from Defendants, if Plaintiff seeks to discover documents and other information from Defendants, then he should pursue such discovery through Fed. R. Civ. P. 34, which provides that a party may serve a request on another party to produce relevant and non-privileged documents in the party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Discovery requests must be served directly upon the opposing party. *See* Fed. R. Civ. P. 33, 34, & 36. Plaintiff has not served his requests on Defendants. As Plaintiff's request for issuance of a subpoena to Defendants is improper, the request is denied.

Plaintiff also requests the issuance of subpoenas to two non-parties. Specifically, Plaintiff seeks documents and a written statement from another inmate at the Tecumseh State Correctional Institution ("TSCI") regarding the inmate's surgery with Hughes and Schulz and a written statement from a TSCI correctional officer regarding an incident between Plaintiff and Defendant Jeffrey Damme that the officer observed on January 24, 2022. (Filing 140 at CM/ECF pp. 4–5.) Upon consideration, the court will deny the motion.

"If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The court's local rule governing subpoenas to nonparties further specifies that:

> **(a) Notice to Adverse Party**. No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party notice stating the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue.
>
> **(b) Objections**. After receipt of the notice, the adverse party has 7 days to serve written objections to the subpoena on the noticing party. The adverse party must specifically identify the grounds for the objections and must file a certificate of service with the court. No subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections. Any unresolved objections will be resolved by the court on appropriate motion filed in accordance with Nebraska Civil Rule 7.1. Nothing in this rule affects the availability of objections described in Federal Rule of Civil Procedure 45(d) and (e).
>
> **(c) Effect of Failure to Object**. Failure to object to issuance of a subpoena to a nonparty does not preclude an adverse party from

moving for a protective order under Federal Rule of Civil Procedure 26(c).

NECivR 45.1(a)-(c).

Furthermore, the subpoenas filed by Plaintiff are not in an acceptable form. *See* Fed. R. Civ. P. 45(a) (providing, among things, that the subpoena must "set out the text of 45(d) and (e)"). Plaintiff should request the Clerk of the Court to provide him with the standard form AO 88B "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (also available online on the court's website, https://www.ned.uscourts.gov/forms).

In addition, to the extent Plaintiff seeks the issuance of subpoenas to obtain the testimony of the two non-parties, no hearing or trial has been set so a subpoena to secure a non-party witness' attendance is not warranted at this time. If Plaintiff seeks the issuance of a subpoena to have the non-party witnesses testify at a deposition, then Plaintiff may request the Clerk of the Court to provide him with the standard AO 88A "Subpoena to Testify at a Deposition in a Civil Action" (also available online on the court's website). Plaintiff also must comply with Fed. R. Civ. P. 45 in issuing such subpoenas:

> Rule 45 also requires . . . Plaintiff to specify a method for recording the testimony, which Plaintiff has not provided. Fed. R. Civ. P. 45(a)(1)(B). Further, Plaintiff is required to pay the witness fees for one day's attendance, along with mileage. Fed. R. Civ. P. 45(b)(1). Finally, to the extent that Plaintiff intends to request service by the United States Marshals Service, "[t]he Court has the 'discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings.'" *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009) (quoting *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam)). "This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties. *Id*. (citation omitted).

> Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony to proving the indigent plaintiff's case. *See Jackson v. Brinker*, No. IP 91-471-C, 1992 WL 404537, at *6 (S.D. Ind. Dec. 21, 1992); *see also Nesbitt v. Riley*, No. 0:14-2788-RMG-PJG, 2015 WL 1517505, at *3 (D.S.C. Apr. 1, 2015) ("The court's authorization of a subpoena requested by an in forma pauperis plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena."). However, Plaintiff's in forma pauperis status "does not mean that the plaintiff's discovery expenses are underwritten or waived." *Nesbit*, 2015 WL 1517505, at *3. "To the extent Plaintiff wishes to take the depositions of non-defendants, he must still issue subpoenas under Fed. R. Civ. P., notwithstanding Defendants' agreement to allow non-party depositions. *Sykes v. Carroll*, No. CIV.A. 06-72-JJF, 2009 WL 1147902, at *1 (D. Del. Apr. 27, 2009). Plaintiff may not issue subpoenas without paying the required fees. *Id*.; *see also* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."). Further, depositions require a method of recording which would involve expenses the Court is not authorized to pay. *Sykes*, 2009 WL 1147902, at *1.

*French v. Cent. Credit Servs.*, No. 4:16CV1654 RLW, 2017 WL 11496851, at *1 (E.D. Mo. July 28, 2017).

As Plaintiff's non-party subpoenas do not comply with Rule 45, his motion to issue the subpoenas is denied.

### Filings 143 and 144

On April 4, 2022, Defendants Dr. Jeffrey Kasselman, Dr. Jeffrey Damme, Dr. Juvet Che, Dr. Randy Kohl, and Brenda Haith ("State Defendants") filed a

Motion to Extend Progression Deadlines. (Filing 143.) Two days later, on April 6, 2022, Defendants filed an Amended Motion to Extend Progression Deadlines asking the court to extend the deadline for filing dispositive motions by forty-five days after the entry of a ruling on Dr. Kohl's and Brenda Haith's pending Motion to Dismiss (filing 66).

The court has filed a Memorandum and Order (filing 153) granting Kohl's and Haith's Motion to Dismiss contemporaneously with this order. However, because of the court's delay on ruling on the State Defendants' motion to extend the progression deadlines, the State Defendants have already filed a Motion for Summary Judgment (filing 150) which includes Kohl and Haith. Thus, the court will deny the Motions to Extend Progression Deadlines (filings 143 & 144) as moot. However, if Defendants wish to amend their summary judgment motion in light of the court's contemporaneous ruling on Kohl's and Haith's Motion to Dismiss, Defendants may seek permission to do so.

## **Filing 147**

On April 15, 2022, Defendants Hughes and Schulz filed a Motion for Summary Judgment. (Filing 147.) Because the court has not yet ruled on Defendants' pending Motion to Dismiss and/or Motion for Judgment on the Pleadings (filing 69) and Defendants' summary judgment motion is potentially dispositive of Plaintiff's claims against Defendants, the court will deny the pending Motion to Dismiss and/or Motion for Judgment on the Pleadings as moot in favor of ruling on the dispositive summary judgment motion.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to submit discovery documents to the court, for return of such documents, and for an extension of progression deadlines or a stay (filing 133) is denied.

2. Plaintiff's motion for his deposition transcript (filing 137) is denied.

3. Plaintiff's motion to strike a portion of Filing 62 (filing 138) is denied as moot.

4. Plaintiff's motion for subpoenas (filing 140) is denied. Defendants Hughes' and Schulz's objection to Plaintiff's motion (filing 141) is denied as moot.

5. The State Defendants' Motions to Extend Progression Deadlines (filings 143 & 144) are denied as moot. The State Defendants may seek leave to amend their summary judgment motion if they so desire.

6. In light of Defendants Hughes' and Schulz's pending Motion for Summary Judgment (filing 147), Defendants pending Motion to Dismiss and/or Motion for Judgment on the Pleadings (filing 69) is denied as moot.

7. Plaintiff is advised that he has until **May 6, 2022**, to file and serve his brief in opposition to Defendants Hughes' and Schulz's Motion for Summary Judgment (filing 147). The Clerk of Court is directed to set a pro se case management deadline using the following text: **May 6, 2022**: check for Plaintiff's brief in opposition to Hughes' and Schulz's summary judgment motion.

8. Plaintiff is advised that he has until **May 9, 2022**, to file and serve his brief in opposition to the State Defendants' Motion for Summary Judgment (filing 150). The Clerk of Court is directed to set a pro se case management deadline using the following text: **May 9, 2022**: check for Plaintiff's brief in opposition to State Defendants' summary judgment motion.

Dated this 19th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge