IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON A. GOODWIN,<br><br>   Plaintiff,<br><br>   vs.<br><br>KEITH P. HUGHES, M.D. hired surgeon, Individual capacity; KATHRYN SCHULZ, Individual capacity; DR. JEFFREY KASSELMAN, M.D., Individual capacity; JEFFREY A. DAMME, M.D., Individual capacity; and JUVET CHE, M.D., Individual capacity;<br><br>   Defendants. | **4:19CV3114**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Defendants Keith P. Hughes' ("Hughes") and Kathryn Schulz's ("Schulz") Motion for Protective Order (filing 157), Plaintiff's Motion for Extension of Time (filing 161), and Hughes' and Schulz's Objection to Plaintiff's Motion for Extension (filing 162).

**<u>Motion for Protective Order</u>**

      On April 22, 2022, Hughes and Schulz filed a motion for a protective order (filing 157) along with an index of evidence (filing 158) and brief (filing 159). Defendants seek a protective order pursuant to Federal Rules of Civil Procedure 26(b)(2) and 26(c) holding that they are not required to answer written discovery served on them by Plaintiff on March 23, 2022. Plaintiff has not filed a response to the motion.

      Under Rule 26(c) and the court's local rules, a motion for a protective order "must include a certification that the movant has in good faith conferred or

attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). *See also* NECivR 7.1(j) ("To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord.").[1] Defendants' motion does not contain the required certification. Moreover, there is no indication that Plaintiff has sought to compel Defendants to respond to his interrogatories, so the court's intervention appears unnecessary at this time. Accordingly, the court will deny Defendants' motion for protective order without prejudice to reassertion.

**Motion for Extension of Time**

Plaintiff filed a motion for an extension of time which was docketed in this court on May 12, 2022. (Filing 161.) Plaintiff seeks a 45- to 60-day extension of time to respond to the summary judgment motions filed by the remaining Defendants. Hughes and Schulz filed an objection to Plaintiff's motion on May 13, 2022, contending the motion was untimely. (Filing 162.) Plaintiff filed a reply on May 19, 2022, disputing the untimeliness of his motion. (Filing 163.)

Plaintiff's brief in opposition to Hughes' and Schulz's summary judgment motion was due on May 6, 2022, and his brief in opposition to Defendants Dr. Jeffrey Kasselman's, Dr. Jeffrey Damme's, and Dr. Juvet Che's ("State Defendants") summary judgment motion was due on May 9, 2022. (*See* Filing 155 at CM/ECF p. 8.) While Plaintiff's motion for extension was received and docketed in this court on May 12, 2022, Plaintiff is entitled to the benefit of the prison mailbox rule. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir.

---

[1] "This showing must also state the date, time, and place of the communications and the names of all participating persons. 'Personal consultation' means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party" NECivR 7.1(j).

2006) ("Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline."); *Lefever v. Castellanos*, No. 4:20CV3066, 2021 WL 3403937, at *1 n.1 (D. Neb. Aug. 4, 2021) (giving pro se prisoner plaintiff the benefit of the prison mailbox rule regarding motion for extension of time); *LeFever v. Castellanos*, No. 4:20CV3066, 2021 WL 5416240, at *1 (D. Neb. Nov. 19, 2021) (same). Plaintiff's motion is dated May 6, 2022 and includes a notation on the back of the envelope of "05-06-22 1:30 PM" suggesting the time it was deposited in the prison mail system. (Filing 161 at CM/ECF p. 4.) May 6, 2022 was a Friday, and the envelope in which Plaintiff's motion was mailed is postmarked Monday, May 9, 2022. (*Id*. at CM/ECF pp. 3–4.) Keeping in mind the court's obligation to liberally construe pro se litigant's court filings, the court concludes Plaintiff's motion for extension was timely filed on May 6, 2022.

Upon careful consideration, the court will grant Plaintiff's motion for an extension of time. Plaintiff shall have until June 24, 2022, to file and serve his brief in opposition to both Hughes' and Schulz's and the State Defendants' motions for summary judgment. Plaintiff is advised that **no further extensions will be granted**. Should Plaintiff fail to file a brief by the deadline, the court will consider the matter submitted and ripe for decision.

IT IS THEREFORE ORDERED that:

1. Defendants Hughes' and Schulz's motion for protective order (filing 157) is denied without prejudice to reassertion.

2. Plaintiff's motion for extension of time (filing 161) is granted. Plaintiff shall have until **June 24, 2022** to file and serve his briefs in opposition to the Defendants' summary judgment motions. In setting this deadline, the court has taken into account the prison mailbox rule. Thus, Plaintiff's briefs must be *received* in this court no later than **June 24, 2022**. **No further extensions will be granted.**

3. If Plaintiff files briefs, then Defendants shall have seven days thereafter to file and serve their reply briefs. If Plaintiff fails to file briefs by the deadline above, the court will consider the matter submitted and ripe for decision.

4. Defendants Hughes' and Schulz's objection to Plaintiff's motion for extension (filing 162) is denied.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 24, 2022**: Plaintiff's briefs in opposition to Defendants' summary judgment motions due.

Dated this 20th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge