IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON A. GOODWIN,<br><br>                 Plaintiff,<br><br>vs.<br><br>KEITH P. HUGHES, M.D. hired surgeon, Individual capacity; KATHRYN SCHULZ, Individual capacity; DR. JEFFREY KASSELMAN, M.D., Individual capacity; JEFFREY A. DAMME, M.D., Individual capacity; and JUVET CHE, M.D., Individual capacity;<br><br>                 Defendants. | 4:19CV3114<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on correspondence from Plaintiff received on June 17, 2022, and which the court construes as a motion for return of original documents. (Filing 167.) In his motion, Plaintiff states, "I was told that I can request the 'evidence submitted' to be return[ed] if I request and provide postage." (Id.) The court understands the "evidence submitted" to be the Index of Evidence (filing 166) that Plaintiff filed simultaneously with his motion for return of original documents.

      This court's local rules provide, in relevant part:

**(e) Official Record**. The clerk does not maintain a paper court file in any case unless required by law or local rule. When a document is filed electronically, the official record is the electronic recording of the document as stored by the court, and the filing party is bound by the document as filed.

**(1) Documents Filed Nonelectronically**. The official record also includes documents filed nonelectronically under local rule.

**(2) Original Documents Scanned and Discarded**. The clerk scans and discards original documents brought to the clerk for filing unless the document's size or nature requires that it be kept in a paper format. An attorney who wishes to have an original document returned after the clerk scans and uploads it to the System may, before submitting the document to the clerk, ask the assigned judge for written authorization for the document's return. Authorization is granted on a case-by-case basis. The court does not allow blanket authorizations for the return of all original documents filed by an attorney or office.

**(3) Copies of Filings**. A party who requests a copy of a paper document submitted for filing must, at the time of filing, supply the clerk's office with the copy and, if the return is to be made by mail, a self-addressed, stamped envelope.

NECivR 5.1(e).

Previously, the court advised Plaintiff that "[i]f Plaintiff wishes to have his future submissions to the court returned to him, then he should follow the procedures outlined in the court's local rules discussed above." (Filing 127 at CM/ECF p. 4.) Here, it appears Plaintiff is attempting to comply with the court's local rules by asking the court for return of his original documents in his Index of Evidence (filing 166) and including a stamped envelope with his request. (Filing 167.) Though Plaintiff did not file his motion for return of original documents prior to filing his Index of Evidence, the court finds that Plaintiff has attempted in good faith to comply with NECivR 5.1(e) and will therefore grant Plaintiff's motion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's correspondence (filing 167), construed as a motion for return of original documents, is granted.

3

2. The clerk of court is directed to return the original documents in Plaintiff's Index of Evidence (filing 166) to Plaintiff using the stamped envelope provided by Plaintiff with his motion (filing 167).

Dated this 8th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge