IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRANDON A. GOODWIN,

                Plaintiff,

      vs.

N.D.C.S. MEDICAL, KEITH P. HUGHES, M.D. hired surgeon, Individual capacity; SOUTHWEST LINCOLN SURGERY CENTER, KATHRYN SCHULZ, Individual capacity; DR. JEFFREY KASSELMAN, M.D., Individual capacity; JEFFREY A. DAMME, M.D., Individual capacity; BRENDA HAITH, P.A., Individual capacity; CHERYL FLINN, P.A. C, Individual capacity; G. HUSTAD, M.D., Individual capacity; JUVET CHE, M.D., Individual capacity; RANDY KOHL, M.D., Individual capacity; STRASBURGER, D.R., Individual capacity; DAVID SAMANI, M.D., Individual capacity; CHAMBERLAN, D.R., Individual and Official capacities; and WENDY KARS, LPN, Individual capacity;

                Defendants.

**4:19CV3114**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Request for Bill of Exceptions, Filing No. 197, Notice of Appeal, Filing No. 198, and a memorandum from the Clerk of the Court requesting a ruling as to Plaintiff's authorization to proceed in forma pauperis ("IFP") on appeal, Filing No. 199.

## I. REQUEST FOR BILL OF EXCEPTIONS

Plaintiff requests that the Court prepare and certify a Bill of Exception to include all exhibits in this matter "[p]ursuant to Neb. Ct. R. § 2-105." However, Neb. Ct. R. § 2-105 applies only to appeals in the Nebraska state courts and is inapplicable here. In

any case, Plaintiff's request for a bill of exceptions or the transmission of any part of the record to the Eighth Circuit Court of Appeals is not necessary.

Pursuant to 8th Cir. R. 30A(a)(2),

In all pro se appeals, the entire district court record is available for review. If the record is available in electronic format, the court will review the electronic version of the record.  At the time a pro se notice of appeal is filed, the clerk of the district court must transmit to the clerk of this court the originals or paper copies of those portions of the original record which are not available through PACER, such as documentary exhibits, administrative records and state court files.

Here, all documents and exhibits submitted by the parties in this case are contained within the Court record and are available in electronic format for review by the Court of Appeals.  Thus, it was not necessary for Plaintiff to request that copies of the exhibits and Court records be provided to the Court of Appeals, but the Court will grant Plaintiff's motion to the extent consistent with this Memorandum and Order.

## II.  NOTICE OF APPEAL AND AUTHORIZATION TO PROCEED IFP

Plaintiff's Notice of Appeal, Filing No. 198, is dated December 10, 2023, and was docketed in this Court on December 18, 2023.  Plaintiff was permitted to proceed in forma pauperis in this action on December 30, 2019, Filing No. 9, and he may now proceed in forma pauperis on appeal without further authorization.  Fed. R. App. P. 24(a)(3).

The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the Court's $605.00 appellate filing fee[1] by making monthly payments to the Court, even if the prisoner is proceeding in forma pauperis.  28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."  *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp.

---

[1] The appellate filing fee increased to $605.00 effective December 1, 2023.

2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the notice of appeal. *See* 28 U.S.C. § 1915(b)(1). Accordingly, based on the records before the Court, the initial partial filing fee is $7.67, based on average monthly deposits of $38.36. *See* Filing No. 201.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to this procedure.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Request for Bill of Exceptions, Filing No. 197, is granted to the extent consistent with this Memorandum and Order.

2. Plaintiff may proceed on appeal in forma pauperis.

3. Plaintiff shall pay an initial partial filing fee of $7.67 within 30 days unless an enlargement of time is granted in response to a written motion.

3

4.     After payment of the initial partial filing fee, Plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the Court.

5.     The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

6.     The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 8, 2024**: Plaintiff's initial partial appellate filing fee due.

Dated this 9th day of January, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge