IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON A. GOODWIN,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>N.D.C.S. MEDICAL, KEITH P. HUGHES, M.D. hired surgeon, Individual capacity; SOUTHWEST LINCOLN SURGERY CENTER, KATHRYN SCHULZ, Individual capacity; DR. JEFFREY KASSELMAN, M.D., Individual capacity; JEFFREY A. DAMME, M.D., Individual capacity; BRENDA HAITH, P.A., Individual capacity; CHERYL FLINN, P.A. C, Individual capacity; G. HUSTAD, M.D., Individual capacity; JUVET CHE, M.D., Individual capacity; RANDY KOHL, M.D., Individual capacity; STRASBURGER, D.R., Individual capacity; DAVID SAMANI, M.D., Individual capacity; CHAMBERLAN, D.R., Individual and Official capacities; and WENDY KARS, LPN, Individual capacity;<br><br>　　　　　　　Defendants. | 4:19CV3114<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on its own motion. On January 9, 2024, the Court entered an order, Filing No. 202, granting Plaintiff Brandon A. Goodwin leave to proceed in forma pauperis on appeal and directing him to pay an initial partial appellate filing fee of $7.67 within 30 days. To date, Plaintiff has not paid the filing fee or requested an extension of time in which to do so.[1]

　　　As the Court has already informed Plaintiff, the Prison Litigation Reform Act ("PLRA") "makes prisoners responsible for their filing fees the moment the prisoner

---

[1] The Court notes that Plaintiff's motion to dismiss his appeal was granted by the Eighth Circuit Court of Appeals on February 1, 2024. Filing No. 205; Filing No. 206.

brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Moreover, the Court specifically informed Plaintiff when judgment was entered in this matter that "[b]y filing a notice of appeal, Plaintiff will be consenting to the deduction of the $505.00[2] filing fee from his prison account by prison officials." Filing No. 188. Thus, whether or not Plaintiff expressly authorizes his institution to disburse the money owed here is irrelevant as the amount owed, and how it will be collected, is determined entirely by 28 U.S.C. § 1915(b). Here, the Court has calculated the initial appellate partial filing fee as provided by § 1915(b)(1) and now "notif[ies] the prison officials to pay the initial appellate partial fee from the prisoner's account to the clerk of the district court and to calculate and pay the remaining installments to the clerk of the district court until the whole of the appellate filing fees has been paid in full as provided by § 1915(b)(2)." *Henderson*, 129 F.3d at 485.

IT IS THEREFORE ORDERED that:

1. Plaintiff's institution shall deduct the initial partial filing fee of $7.67 from Plaintiff's institutional account and remit payment to the Clerk of the Court.

2. In the event that Plaintiff lacks sufficient funds, Plaintiff's institution shall collect the whole of the appellate filing fees pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(2). Until the full filing fee of $605.00 is paid, Plaintiff shall be obligated to pay, and Plaintiff's institution shall forward to the Clerk of the Court,

---

[2] As the Court noted in its January 9, 2024, order granting Plaintiff leave to proceed IFP on appeal, the appellate filing fee increased to $605.00 effective December 1, 2023. Filing No. 202 at 2 n.1.

20 percent of the preceding month's income in such months as the account exceeds $10.00.

      3.     The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

Dated this 1st day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge